ORDER

PER CURIAM.
The court treats Dom Wadhwa’s correspondence concerning the timeliness of his petition for review as a motion for reconsideration of the court’s previous rejection of his petition for review as untimely.
On October 30, 2009, the Merit Systems Protection Board issued a final decision in Wadhwa v. Department of Veterans Affairs, No. PH-1221-09-0295-W-1, 112 M.S.P.R. 658, specifying that its decision was final and that any petition for review must be received by this court within 60 calendar days of receipt of the Board’s decision. The court received Wadhwa’s petition for review on January 4, 2010.
The Board’s records reflect that Wadh-wa was registered as an e-filer. Pursuant to the Board’s regulations, an e-filer is deemed to receive a decision on the date it is served via electronic mail. See 5 CFR § 1201.14(m)(2) (“MSPB documents served electronically on registered e-filers are deemed received on the date of electronic submission”). Thus, Wadhwa is deemed to have received the Board’s decision on October 30, 2009. Wadhwa’s petition for review seeking review of the Board’s decision was received by the court 66 days later, on January 4, 2010.
A petition for review of a Board decision must be filed within 60 days of receipt of the decision. See 5 U.S.C. § 7703(b)(1). The 60-day filing period is “statutory, mandatory, [and] jurisdictional.” Monzo v. Dept. of Transp., 735 F.2d 1335, 1336 (Fed.Cir.1984); see also Oja v. Department of the Army, 405 F.3d 1349, 1360 (Fed.Cir.2005) (“[compliance with the filing deadline of 5 U.S.C. § 7703(b)(1) is a prerequisite to our exercise of jurisdiction”).
Wadhwa states that his petition “was timely filed, [but] a delay occurred because it was sent to a central location by the United States Postal Service for processing prior to delivery to this Honorable Court.” However, in order to be timely, a petition for review must be received by the court, not simply placed in the mail system, within the filing deadline. See Fed. R.App. P. 25(a)(2)(A) (“filing is not timely unless the clerk receives the papers within the time fixed for filing.”) Because Wadh- *108 wa’s petition for review was received on January 4, six days late, this court must dismiss Wadhwa’s petition as untimely.
Accordingly,
IT IS ORDERED THAT:
(1) The motion is denied. The petition for review is dismissed as untimely.
(2) Each side shall bear its own costs.